J-S23017-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHARIF COPELAND | : | |
| | : | |
| Appellant | : | No. 2620 EDA 2025 |

Appeal from the PCRA Order Entered October 3, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002593-2010

BEFORE: LAZARUS, P.J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED AUGUST 13, 2026**

Sharif Copeland (Appellant) appeals from the order dismissing, as untimely filed, his third petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court set forth the relevant underlying factual history as follows:

> On October 1, 2009, at approximately 8[:00] p.m., Sean Griffith [(Griffith)] had just left his girlfriend's house on McKean Street when he ran into his cousin[,] Rashawn Woodson [(Mr. Woodson),] and Mr. Woodson's girlfriend, Tiera Hinson [(Ms. Hinson)]. The three stood at the corner of Norwood Street and McKean Street talking for a few minutes, before Ms. Hinson began to walk away. At that point, [Appellant] walked up to Mr. Woodson and "threw his shoulder" into him. Mr. Woodson laughed at [Appellant], who then pulled a silver .22 caliber handgun out of his waistband. Mr. Woodson began to run away, but [Appellant]

_____

[*] Retired Senior Judge assigned to the Superior Court.

chased him and shot at him two times. One of the gunshots hit Mr. Woodson in his back, entering his lung.

Mr. Woodson collapsed onto the sidewalk in front of 2012 Norwood Street, coughing up blood. Mr. Griffith called 911 on his cell phone as [Appellant] ran away from the scene. Police arrived and immediately transported Mr. Woodson to the University of Pennsylvania Hospital, where he was pronounced dead. The bullet had ruptured the blood vessels in his lung, causing him to die from internal bleeding. [Appellant] was arrested the next day.

PCRA Court Opinion, 11/19/25, at 4 (citations to record omitted).

On July 18, 2011, a jury convicted Appellant of third-degree murder, carrying a firearm without a license, and possessing an instrument of crime.[1] On September 30, 2011, the trial court imposed an aggregate sentence of twenty to forty years' imprisonment. This Court subsequently affirmed Appellant's judgment of sentence. *Commonwealth v. Copeland*, 63 A.3d 833, 315 EDA 2012 (Pa. Super. 2012) (unpublished memorandum). On May 15, 2013, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal. *Commonwealth v. Copeland*, 67 A.3d 793 (Pa. 2013). Appellant did not seek review by the United States Supreme Court.

On December 17, 2013, Appellant timely filed his first *pro se* PCRA petition, raising several claims of his trial counsel's ineffectiveness. The PCRA court appointed counsel, who filed an amended PCRA petition on Appellant's behalf. Therein, Appellant argued, *inter alia*, that his trial counsel was

_____

[1] 18 Pa.C.S.A. §§ 2502(c), 6106(a)(1), 907(a).

- 2 -

ineffective for failing to challenge "the coerced testimony of [] juvenile witness, Bijah Freeman [(Ms. Freeman)]." Amended PCRA Petition, 10/31/17, ¶ 8(b).[2] Appellant subsequently filed a second amended PCRA petition, attaching thereto an affidavit from Griffith,[3] in which Griffith alleged the investigating detectives had coerced his original statement. Ultimately, Appellant abandoned his claim relating to Ms. Freeman.

On September 21, 2018, the PCRA court dismissed Appellant's first PCRA petition. This Court affirmed the dismissal, and our Supreme Court

_____

[2] This Court previously summarized Ms. Freeman's trial testimony as follows:

> Ms. Freeman testified she was on her way to 2000 Norwood Street (the corner of Norwood & McKean Streets) to visit her boyfriend. She testified that Appellant began talking to her and walking with her[,] and they were walking together until 22nd and McKean Streets[,] where she continued walking on McKean Street to Norwood Street[. ] Appellant continued walking on 22nd Street. Ms. Freeman testified that she knew Appellant from the neighborhood. Ms. Freeman testified that she knocked on her boyfriend's door, and immediately heard gunshots from a couple houses down [on] Norwood Street. Ms. Freeman testified she saw Appellant running toward a gold car.

*Commonwealth v. Copeland*, 222 A.3d 867, 2892 EDA 2018 (Pa. Super. 2019) (unpublished memorandum at 2-3).

[3] During the police investigation, Griffith gave a statement to investigating detectives, including Philadelphia Police Detective James Pitts (Detective Pitts), that he saw Appellant shoot the victim. *See Copeland*, 222 A.3d 867 (unpublished memorandum at 2). However, Griffith recanted his statement during trial and testified that the detectives had coerced his statement. *See id.*

- 3 -

denied allowance of appeal. *See Copeland*, 222 A.3d 867, *appeal denied*, 230 A.3d 1010 (Pa. 2020).[4]

Appellant, through private counsel, filed a second PCRA petition on February 10, 2021. Therein, Appellant claimed that a newly-obtained affidavit from Ms. Freeman presented evidence that warranted PCRA relief. Pertinently, in her affidavit, Ms. Freeman recanted her trial testimony and stated that the detectives, including Detective Pitts, fabricated her statements and coerced her into providing accounts that implicated Appellant. *See* Appellant's Second PCRA Petition, 2/10/21, at 8-11. Appellant later filed a supplemental PCRA petition, claiming that the Commonwealth's failure to provide him with Detective Pitts's police misconduct records constituted a *Brady* violation.[5] The PCRA court held an evidentiary hearing limited to Ms. Freeman's recantation, and found her testimony to be "wholly unbelievable." PCRA Court Opinion, 4/25/22, at 2. Subsequently, on February 25, 2022, the PCRA court dismissed Appellant's second PCRA petition. This Court affirmed the dismissal. *Commonwealth v. Copeland,* 289 A.3d 91, 579 EDA 2022 (Pa. Super. 2022) (unpublished memorandum).

---

[4] On appeal, this Court agreed with the PCRA court's determination that Appellant had waived any claim related to Detective Pitts because he failed to raise it in his PCRA petition, and the affidavit attached to the second amended PCRA petition did not mention Detective Pitts. *See Copeland*, 222 A.3d 867 (unpublished memorandum at 8-9).

[5] *Brady v. Maryland*, 373 U.S. 83 (1963).

On February 12, 2025, Appellant filed the instant counseled PCRA petition. Therein, Appellant cited the newly-discovered fact and governmental interference exceptions to the PCRA's time-bar,[6] and claimed that Detective Pitts's conviction in an unrelated criminal case entitle Appellant to PCRA relief. The PCRA court issued a Pa.R.Crim.P. 907 notice, explaining its conclusion that Appellant's PCRA petition was untimely filed and failed to properly invoke either of the cited timeliness exceptions. The PCRA court dismissed Appellant's third PCRA petition on October 3, 2025.

This timely appeal followed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant now presents four issues for our review:

(I) Did the PCRA court err in finding, without a hearing, that Appellant's new evidence claim based on former Detective [Pitts's] conviction was untimely?

(II) Did the PCRA court err in finding, without a hearing, that the new evidence claim lacked merit?

(III) Did the PCRA court err in finding, without a hearing, that Appellant had not established sufficient prejudice?

(IV) Did the PCRA court err in finding, without a hearing, that Appellant's evidence/witnesses were incredible?

Appellant's Brief at 8.

"Our standard of review from the … denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by

_____

[6] 42 Pa.C.S.A. § 9545 (b)(1)(i)), (ii).

the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Geer***, 936 A.2d 1075, 1077 (Pa. Super. 2007).

Initially, pursuant to the PCRA, any petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final…." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** § 9545(b)(3). Neither a PCRA court nor this Court can address the merits of an untimely PCRA petition because the untimely nature deprives the courts of jurisdiction. ***Commonwealth v. Rienzi***, 827 A.2d 369, 371 (Pa. 2003).

Here, Appellant's judgment of sentence became final on August 13, 2013, when the time to file a petition for writ of *certiorari* in the United States Supreme Court expired. ***See*** U.S. SUP. CT. R. 13. Because Appellant filed the instant PCRA petition over a decade after his judgment of sentence became final, his petition is facially untimely.

Pennsylvania courts may still exercise jurisdiction over an untimely PCRA petition if the petitioner can plead and prove that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or laws of the United States;

- 6 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively

42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* § 9545(b)(2). The petitioner bears the burden of alleging and proving that a timeliness exception applies. *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). This burden necessarily entails an acknowledgement by the petitioner that the PCRA petition is untimely. *Commonwealth v. Wharton,* 886 A.2d 1120, 1126 (Pa. 2005).

In his first issue, Appellant argues that Detective Pitts's conviction "is a timely filed 'new fact[.]'" Appellant's Brief at 17. Appellant argues that the PCRA court failed to "either acknowledge or consider in its analysis [Detective] Pitts's conviction for two counts of perjury." *Id.* at 18 (punctuation modified). Appellant further asserts that he could not have learned of Detective Pitts's conviction prior to July 2024. *Id.* at 20-21. According to Appellant, an evidentiary hearing is warranted to determine whether evidence of Detective Pitts's convictions would have compelled a different verdict. *See id.* at 22-24 (addressing the likely prejudice resulting from the absence of evidence regarding Detective Pitts).

In his argument, Appellant appears to conflate the newly-discovered fact exception to the PCRA's time-bar with a substantive after-discovered evidence claim. *See Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017) (stating that "the newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S.A. § 9543(a)(2)."); *see also id.* (detailing the requirements of an after-discovered evidence claim "**where a petition is otherwise timely**" (emphasis added)). In his appellate brief, Appellant does not acknowledge the untimeliness of his PCRA petition, and he makes only a single statement that Detective Pitts's recent conviction is a "new fact." *See Wharton, supra.*

Instead, Appellant asserts that this Court has jurisdiction over his after-discovered evidence claim under 42 Pa.C.S.A. § 9543(a)(2). *See* Appellant's Brief at 16. Appellant's arguments on appeal relate almost exclusively to the requirements of establishing a substantive after-discovered evidence claim.

The PCRA court concluded that Appellant had not properly invoked the newly-discovered fact exception and, therefore, it was precluded from addressing the merits of Appellant's substantive after-discovered evidence claim. *See* PCRA Court Opinion, 11/15/25, at 5-8; *see also Commonwealth v. Cox*, 146 A.3d 221, 227-28 (Pa. 2016) ("Once jurisdiction has been properly invoked (by establishing either that the petition was filed within one year of the date judgment became final or by establishing one of the three

- 8 -

exceptions to the PCRA's time-bar), the relevant inquiry becomes whether the claim is cognizable under the PCRA."). Similarly, we lack jurisdiction to address the merits of Appellant's after-discovered evidence claim at this juncture. *See Commonwealth v. Fears*, 250 A.3d 1180, 1189 (Pa. 2021) ("Without jurisdiction, this [C]ourt does not have the legal authority to address substantive claims."); *see also Cox*, *supra*.

We reiterate that Appellant's brief includes only a bald allegation that Detective Pitts's conviction is a "new fact." Nevertheless, we acknowledge that Appellant cited the newly-discovered fact timeliness exception in his third PCRA petition. *See* Third PCRA Petition, 2/12/25, at 1.[7] To the extent Appellant asserts the newly-discovered fact exception, we briefly address this claim.

To invoke the newly-discovered fact exception, and thus establish the PCRA court's jurisdiction, the petitioner bears the burden of pleading and proving that "(1) the facts upon which the claim was predicated were unknown[;] and (2) [the facts] could not have been ascertained by the exercise of due diligence." *Cox*, 146 A.3d at 227 (citation omitted). Importantly, "Pennsylvania law is unmistakably clear that only **new facts**, not newly-uncovered information pertinent to previously known facts, trigger the

---

[7] Though Appellant also cited the governmental interference exception in his third PCRA petition, he makes no assertion that his inability to raise the claim previously was the result of interference by government officials.

timeliness exception pursuant to Section 9545(b)(1)(ii)." ***Commonwealth v. Branthafer***, 315 A.3d 113, 130 (Pa. Super. 2024) (emphasis in original); ***see also Commonwealth v. Lopez***, 249 A.3d 993, 1000 (Pa. 2021) (explaining that the newly-discovered fact exception focuses on "newly discovered facts, not on a newly discovered or newly willing source for previously known facts." (citation, emphasis, and footnote omitted)).

In its Pa.R.A.P. 1925(a) opinion, the PCRA court opined that it properly found Appellant did not plead and prove the newly-discovered fact exception:

> [Appellant] presented as an exhibit during the litigation of his Second [PCRA] Petition, a joint stipulation in the case of ***Commonwealth v. Onyiah***,[ 660 F. Supp. 3d 407 (E.D. Pa. 2023),] in which the Commonwealth agreed to substantiated instances of [Detective Pitts's] misconduct, including abuse of authority, physical abuse, unlawful detention, arrest and questioning of witnesses, assault, and prolonged unlawful detention and abuse of interviewees at the Homicide Unit. ***See*** Exhibit P-1 to Supplemental Motion for Post Conviction Relief, filed May 12, 2021. [Appellant] also submitted in connection with his Second [PCRA] Petition [the trial court's] findings in the ***Onyiah*** case that [Detective Pitts] "used unconstitutional means [to] falsely inculpate and obtain a conviction of the defendant. These unconstitutional means included, but were not limited to eliciting a false confession from [Onyiah] by use of physical force, isolation, threats, and coercion and use of suggestive means to obtain eyewitness identifications." Supplemental Motion for Post Conviction Relief, filed May 12, 2021 at pp. 2-3 (unpaginated).
>
> Accordingly, [Detective Pitts's] conviction … is not a "newly[-]discovered fact" within the meaning of the time-bar, but rather corroboration of previously substantiated facts that [Appellant] already had presented in support of the Second [PCRA] Petition.
>
> Therefore, the record establishes that [Appellant's] sole claim is time-barred….

- 10 -

PCRA Court Opinion, 11/19/25, at 7-8.

After careful review, we confirm that the PCRA court's findings are supported by the record, and its legal conclusion is sound. We agree with the PCRA court: Appellant did not identify any newly-discovered fact that would satisfy an exception to the PCRA's timeliness requirement. As the PCRA court correctly identified, Appellant cited Detective Pitts's misconduct multiple times while he litigated his second PCRA petition. At best, evidence of Detective Pitts's conviction is "newly uncovered information pertinent to previously known facts," which is insufficient to meet the exception. ***Branthafer, supra****.* Thus, Appellant failed to plead and prove the newly-discovered fact exception to the PCRA's time-bar.

Because Appellant's petition is untimely, and he fails to establish an exception to the PCRA's timeliness requirement, the PCRA court properly dismissed Appellant's third PCRA petition as untimely filed.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/13/2026

- 11 -